Filed
D.C. Superior Court
05/25/2019 18:28PM
Clerk of the Court

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| WILLIE RUTH SMITH<br>5316 W. Berks Street<br>Philadelphia, PA 19131<br>    Plaintiff,<br><br>v.<br><br>NATIONAL RAILROAD PASSENGER<br>CORPORATION,<br>1 Massachusetts Avenue, NW<br>Washington, DC 20001<br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)   CIVIL ACTION NO.: 2019 CA 003286 B<br>)<br>)<br>)<br>)<br>)<br>) |

### COMPLAINT

NOW COMES, through undersigned counsel, Plaintiff Willie Ruth Smith, who files the following Complaint for Damages against Defendant National Railroad Passenger Corporation ("Amtrak"), and shows the Court as follows:

### NATURE OF THE ACTION

1. This is an action arising under the general common law to recover damages for personal injuries sustained by Plaintiff Willie Ruth Smith while a passenger aboard Amtrak Train 98, the "Silver Meteor," traveling from Jessup, Georgia to Philadelphia, Pennsylvania.

### JURISDICTION AND VENUE

2. This Court has jurisdiction and venue of this matter pursuant to D.C. Code §11-921.

### THE PARTIES

3. Plaintiff Willie Ruth Smith ("Ms. Smith") is a citizen of the United States and a resident of the State of Pennsylvania.

1

4. Defendant Amtrak is a corporation and a rail carrier pursuant to 49 U.S.C. §§24301 and 10102, and is qualified to do and doing business in the District of Columbia. Defendant Amtrak's principal office and place of business is in the District of Columbia.

5. Defendant Amtrak is, and was at all times mentioned herein, a common carrier by railroad; owning, operating, and maintaining in interstate commerce, a railway system, involving railroad tracks and facilities located in Washington, D.C.

## COUNT I

6. On or about May 2, 2018, Plaintiff was a passenger aboard Amtrak Train 98, the "Silver Meteor," traveling from Jessup, Georgia to Philadelphia, Pennsylvania. At approximately 3:00 a.m., on said date, as the train was traveling through North Carolina, near the City of Weldon, within the County of Halifax, Plaintiff was exiting the bathroom of the railcar to which she had been assigned. As Plaintiff came out of the bathroom and was cautiously walking back to her assigned seat (No. 33), holding on to seat-backs on either side of the aisle, suddenly and without warning the train unexpectedly, violently, and horrifically made an extraordinarily awkward and unusual jerking movement and shook and shifted, violently throwing Plaintiff so severely that, as she attempted to grab ahold of a seat (No. 13), she came down with all of her weight on her left leg, suffering severe injuries.

7. At all times relevant hereto, Amtrak was a common carrier of passengers by rail, and Plaintiff was a fare paying passenger aboard Defendant's train entitled to a heightened duty of care.

8. As a result of the subject accident, Plaintiff has suffered injuries to her left leg, diagnosed as broken bones, *inter alia*, for which she has undergone substantial medical evaluation

and treatment including, but not limited to major surgery (with instrumentation) on her left leg and extensive physical therapy.

9. Plaintiff's accident, injuries, and related damages as herein-described resulted from breaches of the duties owed by Defendant Amtrak to Plaintiff under general common law including, but not limited to a heightened duty of care, by way of the following non-exclusive list of particulars, to wit:

    a. In that Defendant Amtrak failed to provide a reasonably safe rail car;

    b. In that Defendant failed to provide its passengers including Plaintiff reasonable warnings of the unsafe conditions to which they were being exposed;

    c. In that Defendant Amtrak failed to maintain the tracks upon which its train was traveling;

    d. In that Defendant Amtrak failed to inspect, maintain, discover, and/or warn Plaintiff of the dangerous conditions of the tracks upon which its train was traveling at the time of Plaintiff's injury;

    e. In that Defendant Amtrak failed to provide a properly qualified Locomotive Engineer to operate the train;

    f. In that Defendant Amtrak failed to operate its train so as to avoid causing an extraordinarily rougher than normal ride over a very rough area of track;

    g. In that Defendant Amtrak failed to operate its train so as to restrict its speed over areas of track it knew or should have known were rough;

    h. In that Defendant Amtrak failed to ensure that the tracks upon which its train was traveling at the time of Plaintiff's injury were in a reasonably safe

condition;

i. In that Defendant Amtrak failed to verify that its train was not traveling too fast for the conditions existing on the tracks upon which its train was traveling at the time of Plaintiff's injury;

j. In that Defendant Amtrak violated 49 C.F.R. §213.1 in that it failed to maintain or repair track conditions that were unsafe for operation;

k. In that Defendant Amtrak violated 49 C.F.R. §213.233 in that a proper track inspection was not performed and immediate remedial action was not taken for a deviation from the requirements of 49 C.F.R. Part 213;

l. In that Defendant Amtrak violated 49 C.F.R. §217.9 by failing to properly periodically conduct operational tests and inspection to ensure compliance with its operating rules;

m. In that Defendant Amtrak failed to follow its own rules, regulations, operating procedures, and customary practices;

n. In that Defendant Amtrak failed to promulgate and/or implement reasonable policies and procedures so as to prevent its passengers including Plaintiff from being forcefully thrown about the railcar as the train traveled;

o. In that Defendant Amtrak failed to comply with governmental and/or other applicable safety regulations and/or guidelines for the treatment of its passengers;

p. In that Defendant Amtrak failed to exercise due care and caution commensurate with the surrounding circumstances; and

q. Any and all other acts and/or omissions of negligence that will be shown at

the trial of this matter.

10. The aforelisted acts of negligence were committed by employees, agents, and/or representatives of Defendant Amtrak, while acting in the course and scope of their employment, thereby rendering Defendant Amtrak vicariously liable under the theory of *respondeat superior*.

11. As a result of the aforesaid events, Plaintiff sustained serious and permanent physical injuries and disabilities to her left leg, diagnosed as broken bones, *inter alia*, for which she has undergone substantial medical evaluation and treatment including, but not limited to pain medication, physical therapy, and major surgery (with instrumentation) on her left knee. Furthermore, Plaintiff has suffered, and will in the future suffer, great physical pain, mental anguish, and physical deformity. Plaintiff has incurred and will in the future incur substantial expenses for medical and related treatment.

12. Plaintiff demands full recovery for all sums reasonable in the premises for the following items:

    a. Physical pain and suffering, past and future;

    b. Severe mental anguish, past and future;

    c. Loss of enjoyment of life, past and future;

    d. Physical scarring and/or disfigurement; and

    e. Medical expenses, past and future.

13. Plaintiff demands a trial by jury for all issues triable as of right.

**WHEREFORE**, Plaintiff Willie Ruth Smith demands judgment against Defendant National Railroad Passenger Corporation in the amount of TWO MILLION AND NO/100

($2,000,000.00) DOLLARS, plus interest from date of judicial demand, and all litigation costs, and any and all other relief to which the Court finds Plaintiff to be entitled.

Respectfully submitted,

**ROME, ARATA, BAXLEY & STELLY, L.L.C.**

*/s/ C. Perrin Rome, III*
**C. PERRIN ROME III, D.C. Bar No. 495062**
JASON C. MACFETTERS
650 Poydras Street, Suite 2017
New Orleans, Louisiana 70130
Telephone: (504) 522-9980
Facsimile: (504) 522-9971

*AND*

**THE WEISBAUM LAW FIRM, LLC**

*/s/ Steven M. Weisbaum*
**STEVEN M. WEISBAUM, Bar No. 436653**
51 Monroe Place, Suite 1901
Rockville, MD 20850-2406
Telephone: (301) 279-0977
Facsimile: (301) 340-7956
sweisbaum@mac.com

*Attorneys for Plaintiff,*
***Willie Ruth Smith***

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues herein.

*/s/ Steven M. Weisbaum*
**STEVEN M. WEISBAUM**

**PLEASE SERVE:**
**NATIONAL RAILROAD PASSENGER CORPORATION**
Through its registered agent for service
Eleanor D. Acheson, Esq.
Chief Legal Officer, General Counsel & Corporate Secretary
1 Massachusetts Ave., NW
Washington, D.C. 20001